IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 355, <br> 1030 South Dukeland Street <br> Baltimore, Maryland 21223, | * <br><br> * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. _____ |
| ENSINGER PENN FIBRE, INC., <br> 11 Church Snider Street, P.O. Box 160 <br> Greenwood, Delaware 19950, | * <br><br> * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT TO VACATE ARBITRATION AWARD**

Plaintiff, Teamsters Local Union No. 355 ("Local 355" or "Union"), by its undersigned counsel, brings this action against Ensinger Penn Fibre, Inc. ("Penn Fibre" or "Company") to vacate, in part, an arbitrator's decision and award, and to obtain relief from the remedy set forth therein.

JURISDICTION

1. This action is brought to vacate, in part, an arbitration decision and award dated October 11, 2021 ("Award") that arose under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. Jurisdiction is conferred upon this Court by that statute, and by 28 U.S.C. § 1331.

VENUE

2. Venue is proper in this Court based in the general venue statute of the United States, 28 U.S.C. § 1391, and more particularly, 28 U.S.C. § 1391(b)(2). Penn Fibre maintains a manufacturing facility in Greenwood, Delaware, and a substantial part of the events giving rise

1

to the claim set forth herein occurred at the Greenwood facility. Additionally, the underlying hearing that resulted in the arbitrator's decision and award occurred in Dover, Delaware.

## PARTIES

3. Local 355 is an unincorporated labor organization which represents certain persons employed by Penn Fibre at the Greenwood facility. Local 355 is a "labor organization" that represents employees in an "industry affecting commerce" within the meaning of 29 U.S.C. §§ 142, 152, and 185.

4. Penn Fibre is a business entity incorporated in Delaware that manufacturers sheets and coils of extruded plastic. Penn Fibre is an "employer" in an "industry affecting commerce" within the meaning of 29 U.S.C. §§ 142, 152 and 185.

## COLLECTIVE BARGAINING AGREEMENT

5. Local 355 and Penn Fibre have executed successive collective bargaining agreements governing the terms and conditions of employment of certain classifications of non-supervisory employees employed by the Company at its Greenwood facility. At all times relevant to this action, Local 355 and Penn Fibre were parties to a collective bargaining agreement in effect from January 1, 2020, through December 31, 2022 ("CBA"). The CBA includes, among other provisions, a procedure for processing and adjusting grievances, with binding arbitration as the final step thereof. See Award, attached to as Exhibit 1, at pp. 4-5 (quoting CBA Article 7).

## ARBITRATION

6. On October 14, 2020, Penn Fibre discharged Chad Hall ("Hall"), a Slit Operator and member of the Local 355 bargaining unit covered by the CBA. At the time of his discharge, Hall had been employed by Penn Fibre for approximately twenty-nine years.

Penn Fibre managers formally notified Hall of the termination in an October 14 meeting with Hall and a Local 355 shop steward.  In accordance with CBA, the written termination notice stated the basis for Hall's discharge: "excessive breaks/time away from [Hall's] Line 6 machine/work area."  Award at p. 3.[1]

7.	At the close of the October 14, 2020, disciplinary meeting, after Hall was issued the termination notice but prior to his exit from Penn Fibre's facility, the Company refused to permit Hall to drive his vehicle from Company premises, claiming it was concerned Hall was under the influence of alcohol.  See Award at 3.  Despite its claimed concern, no Company representative asked Hall whether he had been consuming alcohol that day or instruct that he be tested for the presence of alcohol in his system that day.  Nor did the Company amend the written termination notice—either on or after October 14, 2020—to include as a basis for discharge being under the influence of alcohol while at work.

8.	Following the October 14 termination, Local 355 and Hall timely filed a grievance, through which they challenged the discharge as being without "just cause" and therefore in violation of the CBA.  See  Award at page 5 (quoting CBA Article 12 ("no discharge shall be made without just cause")).

9.	Local 355 and Penn Fibre processed the grievance through the requisite steps of the contractual grievance procedure but were unable to resolve the grievance.

---

[1] The CBA provides: "At the time of discharge, an employee shall be given written notice of the reason for his or her termination."  Award at p. 5 (quoting CBA Article 12).

10. Local 355 thereafter submitted the grievance to arbitration, where the matter of Hall's discharge was heard before Arbitrator Carl C. Bosland on May 14 and July 1, 2021.

11. On October 11, 2021, the arbitrator issued the Award, through which he sustained the grievance, finding that Hall's discharge lacked just cause. Award at pp. 1, 30-31.

12. Notwithstanding the arbitrator's finding that Penn Fibre discharged Hall without just cause and his ruling sustaining the grievance challenging the discharge, he wrote as follows:

> For the reasons set forth herein, the grievance is sustained. However, reinstatement and backpay are not awarded because Mr. Hall would have been discharged for being under the influence of alcohol at work on October 14, 2020, the day of his discharge.

Award at p. 31.

## THE AWARD AND ITS RELATIONSHIP TO THE CBA AND APPLICABLE LAW

13. Article 12 of the CBA, titled "DISCHARGE," provides in relevant part: "At the time of discharge, an employee shall be given written notice of the reason for his or her termination." Award at p. 5 (quoting CBA Article 12).

14. Article 7, Section 4 of the CBA, titled "Powers of Arbitrator," states in part:

> The arbitrator shall be empowered to make a decision in cases of alleged violation of rights accorded by this Agreement or written supplementary agreement. The arbitrator shall not add to, subtract from, supplement or modify in any way of the provisions, terms or conditions of this agreement, supplementary agreements or proven past practices. The arbitrator will be limited to determining whether there has been a violation of a specific provision of this agreement, any supplemental agreements or proven past practices as alleged by the grievance. The decision of the arbitrator will be final and binding upon all parties.

Award at p. 5 (quoting CBA Article 7, Section 4).

15. By refusing to reinstate Hall's employment—after finding Penn Fibre discharged him without just cause—because "Mr. Hall would have been discharged for being under the influence of alcohol at work on October 14, 2020, the day of his discharge," Award at p. 31, the arbitrator injected a fact that was neither in evidence nor even alleged by Penn Fibre. By refusing to reinstate Hall on this basis when (1) the arbitrator sustained the grievance, (2) the CBA explicitly required Penn Fibre to provide Hall the written reasons for his discharge (which did not include being under the influence of alcohol at work on October 14, 2020), and (3) the CBA explicitly prohibited the arbitrator from subtracting from or in any way modifying the terms of the CBA, the arbitrator's remedy manifestly disregarded the CBA's Article 12 mandate and Article 7, Section 4 prohibition, and represented his own brand of industrial justice.

## COUNT 1 – PARTIALLY VACATE ARBITRATOR'S AWARD

16. Local 355 repeats and re-alleges paragraphs 1 through 15 as though fully set forth herein.

17. For the reasons set forth in Paragraph 15, the arbitrator's remedy exceeded his authority under the CBA.

18. For the reasons set forth in Paragraph 15, the arbitrator's remedy failed to draw its essence from the CBA.

19. For the reasons set forth in Paragraph 15, the arbitrator's remedy manifested his own brand of industrial justice.

## CLAIM FOR RELIEF

20. Based on the foregoing and pursuant to 29 U.S.C. § 185, the remedial aspects of Award should be vacated and set aside, on the grounds that the arbitrator's remedy:

    a.        exceeded the authority granted him under the terms of the CBA;

    b.        evidenced a manifest disregard for the terms of the CBA;

    c.        failed to draw their essence from the CBA;

    d.        were grounded in impermissible additions to, subtractions from and/or modifications of the CBA.

    e.        manifested his own brand of industrial justice.

WHEREFORE, Local 355 respectfully requests that this Court:

    a.        vacate the remedial aspects of the Award;

    b.        issue an Order reinstating Chad Hall's employment with Penn Fibre;

    c.        award such other relief as may be just and proper.

Date: November 2, 2021        Respectfully submitted,

/s/Lance Geren
Lance Geren (DE Bar No. 5431)
O'Donoghue & O'Donoghue, LLP
91 Christiana Road
New Castle, Delaware 19720
(215) 629-4970
lgeren@odonoghuelaw.com

/s/Ashley E. Macaysa
Ashley E. Macaysa (Pa. State Bar No. 324887)
(pro hac vice admission pending)
amacaysa@abatolaw.com

/s/ Paul D. Starr
Paul D. Starr (D.Md. Bar No. 024789)
(pro hac vice admission pending)
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
(410) 321-0990
pstarr@abatolaw.com

Attorneys for Teamsters Local Union No. 355